IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


NORMAN V. WHITESIDE,

        Plaintiff,

    v.                         Case No. 2:05-CV-280

                                     Magistrate Judge Norah McCann King

JONDREA PARRISH., *et al.*,

        Defendants.


## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 action filed by plaintiff Norman V.

Whiteside ("plaintiff"), an inmate of the State of Ohio Department of Rehabilitation and

Correction, against Jondrea Parrish and Virginia Workman (collectively "defendants").  This

matter is before the Court on *Plaintiff's Motion for Non-Stenographic Depositions*, Doc. No. 11,

*Plaintiff's Contra Memorandum of Defendants' Motion for Enlargement of Time to File the*

*Instant Motion for Judgment on the Pleadings and Plaintiff's Motion for Leave to Include*

*Matters Outside the Pleadings for Cause and Pursuant to Rule 12(c) of the Federal Rules of*

*Procedure* [1] ("*Plaintiff's Motion for Leave to Include Matters Outside the Pleadings*"), Doc. No.

18, *Defendants' Motion for Stay of Discovery*, Doc. No. 21, and *Plaintiff's Motion for Leave to*

*Supplement the Record* ("*Plaintiff's Motion for Leave to Supplement*"), Doc. No. 22.

---

[1]The Court notes that part of this memorandum was an opposition to defendants' request
to file a motion for judgment on the pleadings, Doc. No. 15.  The Court, however, previously
granted defendants' motion, Doc. No. 20, and thus it will not address that section of plaintiff's
memorandum.

For the reasons that follow, *Defendants' Motion for Stay of Discovery* and *Plaintiff's Motion for Leave to Supplement* are **GRANTED**, *Plaintiff's Motion for Leave to Include Matters Outside the Pleadings* is **DENIED** as unnecessary and *Plaintiff's Motion for Non-Stenographic Depositions* is **DENIED** without prejudice to renewal should defendants' pending motion for judgment on the pleadings, Doc. No. 15, be denied.

## I.  BACKGROUND

Plaintiff is incarcerated at Madison County Correctional Institution ("MaCI"). *Complaint*, at ¶ 3.  Plaintiff brought the instant action alleging discrimination, retaliation and denial of access to the courts against his case manager, Ms. Parrish, and against the MaCI institutional inspector, Ms. Workman.  *Id.*, at ¶¶ 1-5.

On June 15, 2005, plaintiff filed *Plaintiff's Motion for Non-Stenographic Depositions*. Doc. No. 11.  That motion is fully at issue before the Court.

On November 22, 2005, plaintiff filed *Plaintiff's Motion for Leave to Include Matters Outside the Pleadings*, Doc. No. 18.  Defendants did not oppose the motion.

On November 30, 2005, plaintiff filed *Plaintiff's Motion to Supplement*.  Doc. No. 22. Defendants did not oppose the motion.

On December 1, 2005, defendants filed *Defendants' Motion for Stay of Discovery*.  Doc. No. 21.  That motion is fully at issue before the Court.

## II.  DISCUSSION

### A.  Plaintiff's Motion to Supplement and Motion for Leave to Include Matters Outside the Pleadings

In *Plaintiff's Motion for Leave to Supplement*, plaintiff requests leave of the Court to supplement "the record" with a *Decision of the Chief Inspector on a Grievance*.  Doc. No. 22.  In

his motion, plaintiff contends that this document shows that he exhausted his administrative remedies related to his claims against Ms. Workman, which defendants claim in their motion for judgment on the pleadings were not exhausted. Thus, the Court construes plaintiff's request to supplement the record as a request to supplement his memorandum *contra* defendants' pending motion for judgment on the pleadings, Doc. No. 18.

In addition, in *Plaintiff's Motion for Leave to Include Matters Outside the Pleadings*, Doc. No. 18, plaintiff asks for permission to include three affidavits in his memorandum *contra* defendants' motion for judgment on the pleadings.

As a general rule, matters outside the pleadings are not to be considered by a court in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).   A certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001).   In addition, the United States Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.*   Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner*, 108 F.3d at 89;  *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001).  If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment.  *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Technologies*, 241 F. Supp.2d 827, 831-32 (S.D. Ohio 2003).

3

In the present case, the Court concludes that the *Decision of the Chief Inspector on a Grievance* is to be considered part of the pleadings and can be reviewed without converting defendants' motion for judgment on the pleadings to one for summary judgment. Plaintiff contends that he attempted to obtain a copy of this decision before he filed the instant action and was unable to do so because the prison officials refused to cooperate with him. The *Decision of the Chief Inspector on a Grievance* is central to plaintiff's claims against Ms. Workman and simply fills in the contours and details of his complaint. Accordingly, *Plaintiff's Motion to Supplement* is **GRANTED**.

The Court, however, concludes that the three affidavits plaintiff asks it to consider in resolving defendants' motion for judgment on the pleadings will not be considered part of the pleadings because they are simply unnecessary. All three affidavits, one from his daughter and two from fellow inmates, support the allegations plaintiff has already made in the *Complaint*. That is, the two inmates aver that they heard a guard at the prison tell plaintiff that the guard had been ordered by the defendants to confiscate plaintiff's legal materials in retaliation for plaintiffs previous lawsuits against MaCI. Plaintiff's daughter avers that she called the prison and spoke to a guard who told her that he had been ordered by his superiors to confiscate plaintiff's legal materials, even though the guard did not care whether plaintiff had the materials. These allegations, however, are all sufficiently pleaded in the *Complaint*.

Plaintiff appears to believe that he needs to present evidence supporting the allegations he makes in the *Complaint* in order to properly respond to defendants' motion for judgment on the pleadings. This is simply incorrect. The Court will, as it must, consider all plaintiff's well-pleaded allegations as true in its consideration of defendants' motion for judgment on the

4

pleadings.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.*,

96 F.3d 200, 203 (6th Cir. 1996);  *Misch v. The Cmty. Mutual Ins. Co.*, 896 F. Supp. 734, 738

(S.D. Ohio 1994).   If defendants' pending motion for judgment on the pleadings is denied,

plaintiff can, if he is so inclined, use the affidavits to support a memorandum *contra* any motion

for summary judgment that may be filed.   At this juncture, however, the Court does not need to

consider the affidavits.   Accordingly, *Plaintiff's Motion for Leave to Include Matters Outside the*

*Pleadings* is **DENIED**.

B.     **Defendants' Motion for Stay of Discovery**

In *Defendants' Motion for Stay of Discovery*, defendants contend that their pending

motion for judgment on the pleadings is based on the contention that, as a matter of law, the

complaint has not stated a claim upon which relief can be granted.   Thus, defendants conclude

that plaintiff does not need discovery to respond effectively to the pending, potentially,

dispositive motion.   The Court agrees.

On November 4, 2005, defendants filed a motion for judgment on the pleadings pursuant

to Fed. R. Civ. P. 12(c).   In resolving that motion, the Court will grant the motion only if the

*Complaint* is without merit because of an absence of facts or law to support the claims in it, or if

on the face of the complaint there is an insurmountable bar to relief.   *See Morgan v. Church's*

*Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) (Where a Rule 12(b)(6) defense is raised

pursuant to a 12(c) motion, the district court must apply the standard for a Rule 12(b)(6)

motion.).   A motion to dismiss under Rule 12(b)(6) merely attacks the legal sufficiency of the

complaint, *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983), and the

complaint must be construed in the light most favorable to the plaintiff accepting all well-

pleaded facts as true, *Scheuer*, 416 U.S. at 236; *Bower*, 96 F.3d at 203;  *Misch*, 896 F. Supp. at 738.

Plaintiff has responded to defendants' motion in several different memoranda: *Plaintiff's Motion for Leave to Include Matters Outside the Pleadings*, Doc. No. 18, *Plaintiff's Motion for Leave to Supplement the Record*, Doc. No. 22,  *Plaintiff's Contra Memorandum to Defendants' Motion for Judgment on the Pleadings and Motion for Stay of Discovery*, Doc. No. 23 and *Plaintiff's Motion for Leave to Supplement Plaintiff's Contra Memorandum*, Doc. No. 24, which was granted by the Court in document number 25.  The Court concludes that discovery is unnecessary because the evidence plaintiff wishes to obtain is not necessary to the resolution of the defendants' motion.

Consequently, the issue before the Court is whether it can grant a motion to stay discovery based on the conclusion that the discovery is not needed for the non-moving party to sufficiently respond to a pending potentially dispositive motion.  "It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 FRD 1, 2  (D. D.C. 2001);  *Chemical & Industrial Corp. v Druffel*, 301 F2d 126, 129 (6th Cir. 1962) (the extent of discovery and the use of protective orders is clearly within the discretion of the trial judge).  Further, it is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the Court's discretion:

> A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) ("Clearly, the decision whether to

stay discovery is committed to the sound discretion of the district court judge."); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (upholding district court's stay of "discovery pending the disposition of the motions to dismiss, on the ground that discovery was 'not required to address the issues raised by defendants' motions to dismiss'").

Moreover, discovery is generally considered inappropriate during the pendency of a motion that would be thoroughly dispositive of the claims in the complaint. *Chavous*, 201 F.R.D. at 2. "Because the dispositive motion has the potential to dispose of the case without the need for further discovery, it falls within the court's discretion to stay discovery pending resolution of the dispositive motion." *Tilley v. United States of America*, 270 F. Supp. 2d 731 (M.D. N.C. 2003).

"A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c), Fed. R. Civ. P." *Kron Medical Corp. v Groth*, 119 FRD 636, 637 (M.D. N.C. 1988). "This rule allows the Court to enter a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c)". *In re Firstenergy S'holder Derivative Litig.*, 219 FRD 584, 587 (N.D. Ohio 2004). The party moving for the protective order bears the burden of showing good cause and reasonableness for such an order. *Id.* (citing *In re Terra International, Inc.*, 134 F.3d 302 (5th 1998)). Specifically, a court is authorized to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In the case *sub judice*, defendants argue that good cause exists for the stay because "the documents that Plaintiff requests, even if they do exist . . . would not yield facts germane to opposing Defendants' Motion for Judgment on the Pleadings." *Defendants Motion for Stay of*

*Discovery*, at 3.  Thus, defendants conclude that responding to plaintiff's discovery requests at this juncture poses undue burden and expense upon them, which is simply inequitable.  Again, the Court agrees.

Defendants have pending a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted.  If that motion is granted, this entire action would be dismissed.  Additionally, as noted above, plaintiff has filed several memoranda *contra* to defendants' motion for judgment on the pleadings, which address the issues raised in the motion.  Consequently, the Court concludes that a stay of discovery pending the determination of defendants' pending, potentially dispositive, motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted).

Accordingly, *Defendants' Motion for Stay of Discovery*, Doc. No. 21,  is **GRANTED** pending resolution of their motion for judgment on the pleadings.  If defendants' motion for judgment on the pleadings is denied, the Court will issue a new scheduling order with appropriate time limits for discovery.

### C.    Motion for Non-Stenographic Depositions

Based on the discussion above related to the stay of discovery, *Plaintiff's Motion for Non-Stenographic Depositions* is **DENIED** without prejudice to renewal should defendants' pending motion for judgment on the pleadings, Doc. No. 15, be denied.

**WHEREUPON**, in light of the forgoing:

1.    *Plaintiff's Motion for Non-Stenographic Depositions*, Doc. No. 11, is **DENIED** without prejudice to renewal should defendants' pending motion for judgment on

8

the pleadings, Doc. No. 15, be denied.

2.     *Plaintiff's Motion for Leave to Include Matters Outside the Pleadings*, Doc. No. 18, is **DENIED** as unnecessary.

3.     *Defendants' Motion for Stay of Discovery*, Doc. No. 21, is **GRANTED**.

4.     *Plaintiff's Motion for Leave to Supplement*, Doc. No. 22, is **GRANTED**.

January 20, 2006                      *s/Norah McCann King*
Date                                     Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge