IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMAN V. WHITESIDE,**

      **Plaintiff,**

  v.                             **Case No. 2:05-CV-280**

                                    **Magistrate Judge Norah McCann King**

**JONDREA PARRISH.,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 ("Section 1983") brought by plaintiff Norman V. Whiteside ("plaintiff"), who is in the custody of the State of Ohio Department of Rehabilitation and Correction ("ODRC"), and currently housed at the Madison County Correctional Institution ("MaCI"). With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on numerous motions filed by plaintiff, Doc. Nos. 33, 38, 39, 42, 43, 47, 71 and defendants' motion to strike, Doc. No. 70. The Court will address each below.

**A.**     *Plaintiff's Motion for Order to Show Cause Supplement*, **Doc. No. 43, and** *Plaintiff's Motion to Supplement and for Leave to Do So*, **Doc. No. 47.**

In *Plaintiff's Motion for Order to Show Cause Supplement*, Doc. No. 43, and in *Plaintiff's Motion to Supplement and for Leave to Do So*, Doc. No. 47, plaintiff requests that this Court accept supplements to three motions pending before this Court, *i.e.*, Doc. Nos. 33, 39 and 42. In opposition, defendants argue that leave to supplement should be denied because the three underlying motions which plaintiff seeks to supplement are without merit. However, defendants

do not argue that granting plaintiff's motions to supplement will prejudice them. In this circuit, there is a "strong preference that claims be adjudicated on their merits," *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)), and the Court will not forgo consideration of documents that go to the merits of plaintiff's motions. Therefore, *Plaintiff's Motion for Order to Show Cause Supplement*, Doc. No. 43, and *Plaintiff's Motion to Supplement and for Leave to Do So*, Doc. No. 47, are both **GRANTED**.

**B.**   ***Plaintiff's Motion for Order to Depose Sgt. Ray Campbell*, Doc. No. 33.**

In *Plaintiff's Motion for an Order to Depose Sgt. Ray Campbell*, Doc. No. 33, plaintiff asks the Court to order Sergeant Ray Campbell, a guard at MaCI who is not named as a party to this action, to submit to a deposition to be conducted by a "non-stenographic method."

In the *Complaint*, plaintiff alleges that it was Sergeant Campbell's confiscation of plaintiff's legal materials in April 2003, that effectively denied plaintiff his constitutional right of access to the courts. *Complaint* ¶¶ 16-23. Plaintiff also alleges that Sergeant Campbell told plaintiff's sister that the two named defendants in this action, Jondrea Parrish and Virginia Workman, ordered him to confiscate plaintiff's legal materials. Moreover, a fellow inmate avers that he heard Sergeant Campbell state that, if he is required to testify in this action, he will testify that he does not recall the incident. *Declaration of Edward Clark* attached to *Plaintiff's Motion for an Order to Depose Sgt. Ray Campbell*. Thus, plaintiff requests that he be permitted to depose Sergeant Campbell regarding whether the defendants in this action ordered him to confiscate plaintiff's legal materials in April 2003. Alternatively, plaintiff asks that defendants stipulate that they ordered Sergeant Campbell to confiscate plaintiff's legal materials.

Defendants have not responded to this request for a stipulation in lieu of a deposition.

A non-party can be compelled to attend a deposition only by the proper issuance and service of a subpoena pursuant to Fed. R. Civ. P. 45.  Rather than pursue that procedure, however, plaintiff may propound requests for admission, *see* Fed. R. Civ. P. 33, asking each defendant to either admit or deny that she directed Sergeant Campbell to confiscate plaintiff's legal materials in April 2003.

Accordingly, *Plaintiff's Motion for an Order to Depose Sgt. Ray Campbell* is **DENIED** without prejudice to renewal should defendants deny that they ordered Sergeant Campbell to confiscate plaintiff's legal materials in April 2003.

**C.**     ***Plaintiff's Motion for Order to Depose Madison Correctional Staff*, Doc. No. 39, and *Plaintiff's Motion for Order to Show Cause*, Doc. No. 42.**

In *Plaintiff's Motion for Order to Depose Madison Correctional Staff*, Doc. No. 39, plaintiff requests that this Court order Sergeant Campbell, MaCI staff member Marcie Henceroth and the two named defendants in this action to submit to depositions "based upon newly discovered information." *Id.* at 1.  The newly discovered information to which plaintiff refers is his suspension from the Madison Music Association, a group of inmate musicians.  *Id.*

In *Plaintiff's Motion for Order to Show Cause*, Doc. No. 42, plaintiff asks the Court to order defendants to show cause why he was "put in the hole today and given a bogus charge of forgery for sending this court a document which he believes was signed and/or approved by Sgt. Ray Campbell, without due process and to further a retaliatory agenda." *Id.* at 1.

In *Plaintiff's Motion to Supplement and for Leave to Do So*, Doc. No. 47, plaintiff complains that the Rules Infraction Board ("RIB") hearing at which he was found guilty of possessing a forged document was unfair.  Similarly, in *Plaintiff's Reply to Defendants'*

3

*Memorandum in Opposition to Plaintiff's Motion to Supplement and for Leave to Do So*, Doc. No. 61, plaintiff complains about the RIB hearing and explains in detail why he believes that the evidence was insufficient to support a finding of possession of a forged document.  Finally, in *Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motions to Depose Staff and for Order to Show Cause*, plaintiff complains, again, about his conviction on a charge of possession of forged document and the consequent punishment.  *Id.* at 3-6.  Plaintiff also requests oral argument pursuant the Rule 7.1 of the Local Rules of this Court.  S.D. Ohio Civ. R. 7.1(b)(2)

Plaintiff must exhaust all claims that he wishes to bring before a federal court.  *See* 42 U.S.C. §1997e(a) (the Prison Litigation Reform Act of 1996 requires a prisoner to exhaust administrative remedies available to the prisoner); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves").  Plaintiff, however, has not shown that his claims relating to his RIB conviction or suspension from the Music Association have been exhausted.  Plaintiff cannot forgo the administrative procedures available to him and bring his unexhausted grievances[1] or his unexhausted administrative appeals [2] directly to this Court.

Accordingly, *Plaintiff's Motion for Order to Depose Madison Correctional Staff*, Doc.

---

[1]Ohio Admin. Code § 5120-9-31 establishes a three step administrative grievance procedure for prisoners in Ohio.  First, an inmate must file an informal complaint.  *Id.*  If the resolution of that complaint is unsatisfactory, the inmate may appeal to the Inspector of Institutional Services.  *Id.*  Finally, if that appeal is found to be without merit, the inmate can appeal to the Chief Inspector.  *Id.*

[2]Ohio Admin. Code § 5120-9-08(M) provides for administrative review of RIB panel decisions by the warden or designee; subsection (N) provides for an appeal of the RIB panel decision; and, subsection (O) provides for subsequent review by the director of the ODRC.

No. 39, and *Plaintiff's Motion for Order to Show Cause*, Doc. No. 42, are both **DENIED**.

Plaintiff's request for oral argument pursuant the Local Rules of this Court is also **DENIED**.  *See* S.D. Ohio Civ. R. 7.1(b)(2) (parties may apply to the Court for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented").  Oral argument would not be helpful in resolving the merits of either *Plaintiff's Motion for Order to Depose Madison Correctional Staff* or *Plaintiff's Motion for Order to Show Cause* nor does the Court find it essential to the fair resolution of these motions.  *See id.*; *see also Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, *7 (S.D. Ohio July 27, 2006) ("Local Rule 7.1(b)(2) leaves the Court with discretion whether to grant a request for oral argument.").

**D.** ***Defendants' Motion to Strike Plaintiff's Urgent Notice to the Court*, Doc. No. 70.**

On September 29, 2006, plaintiff filed the *Urgent Notice to the Court*.  Doc. No. 57.  On October 17, 2006, defendants filed *Defendants' Motion to Strike Plaintiff's Urgent Notice to the Court*, Doc. No. 70, and on October 18, 2006, defendants filed *Defendants' Memorandum in Opposition to Plaintiff's Urgent Notice to the Court*, Doc. No. 72.  The *Urgent Notice to the Court* is now ripe for review.  *See* Doc. Nos. 57, 70, 72, 75, 76 and 80.

In the *Urgent Notice to the Court*, plaintiff alleges that certain prison administrators recently confiscated legal materials belonging to plaintiff.  *Id.* at 1.  This is the same complaint that formed the basis of plaintiff's motion for preliminary injunction, Doc. No. 56, which was denied by this Court in its January 4, 2007, *Opinion and Order*, Doc. No. No. 93.

For the same reasons articulated by the Court in the January 4, 2007 *Opinion and Order*,

5

*Defendants' Motion to Strike Plaintiff's Urgent Notice to Court*, Doc. No. 70, is **GRANTED**.

**E.**     *Plaintiff's Notice of Request to Hear Recording*, **Doc. No. 71**

On October 1, 2006, plaintiff filed *Plaintiff's Notice of Request to Hear Recording*, Doc. No. 71, in which he seeks an opportunity to listen to and take notes on the contents of an audio recording that was manually filed by defendants in this case. *See* Doc. No. 62. In defendants' motion to file the recording manually, defendants stated:

> Defendants respectfully request leave of the Court to file the following item referenced in Defendants' Memorandum in Opposition to Plaintiff's Motion to Depose Staff and Motion for Order to Show Cause (Doc.59) manually:
>
>> 1) Audio recording (compact disc) of Madison Correctional Institution's Rules Infraction Board hearing Case No. MACI-06-001457 regarding Plaintiff.
>
> Defendants request leave to file the item manually because it cannot be converted to an electronic format. *Arrangements will be made at Madison Correctional Institution for Plaintiff to hear the recording should he choose to do so.*

*Defendants' Motion for Leave to File Manually* at 1 (emphasis added).

Defendants do not oppose plaintiff's request in theory, but ask that the Court defer to prison authorities regarding any security issues presented by plaintiff's access to the recording. *Defendants' Response to Plaintiff's Notice to Hear Recording* at 1.

Under these circumstances, *Plaintiff's Notice of Request to Hear Recording*, Doc. No. 71, is **GRANTED**. Defendants are **DIRECTED** to make the audio recording available for listening and note-taking by plaintiff, on such terms as MaCI shall impose.

**F.**     *Plaintiff's Motion for Reconsideration and/or for Relief after Judgment*, **Doc. No. 38.**

*Plaintiff's Motion for Reconsideration and/or for Relief after Judgment* ("*Plaintiff's Motion for Reconsideration*"), Doc. No. 38, requests reconsideration of this Court's August 7,

6

2006, *Order*. In that *Order*, the Court denied plaintiff's *Motion to Modify Filing Fee*, Doc. No. 30, in which plaintiff asked that he be required to pay a filing fee of only $150.00, rather than the $250.00 actually assessed. In denying that request, the Court explained that the amount of the applicable filing fee turned on the date that plaintiff delivered the complaint and application to proceed *in forma pauperis* to prison authorities for mailing.[3] *See Houston v. Lack,* 487 U.S. 266 (1988).

> Although the *Complaint* would suggest that plaintiff signed that pleading on February 5, 2005, *Complaint*, at p. 4, Doc. No. 3, the *Application for Leave to Proceed in forma pauperis*, Doc. No. 1, which was marked "Received" by the Clerk of this Court on March 21, 2005 – the same date that the *Complaint* was received – indicates that the prison cashier signed the certificate of inmate funds on March 17, 2005. *Id.* At p.8.[fn]
>
> [fn] It appears that plaintiff wrote the words "2d Application" on the face of the *Application for Leave to Proceed in forma pauperis*. However, the records of this Court reflect no other IFP application submitted by plaintiff in connection with this case.

*Order* at 2, Doc. No. 37.

*Plaintiff's Motion for Reconsideration* now explains that the *Application for Leave to Proceed in forma pauperis* to which the Court referred is in fact the second application plaintiff sent to this Court in this case; the first application had been mistakenly filed in another of plaintiff's cases pending before this Court, *i.e.*, *Whiteside v. Ohio Dep't of Rehab. & Corr.*, Case No. C2-03-439. Review of this Court's docket in Case No. C2-03-439 corroborates plaintiff's assertion. *See* Doc. No. 63. It appears that, on February 23, 2006, an *in forma pauperis* application was received from plaintiff for this case but was mistakenly filed in Case No. C2-03-

---

[3]The applicable filing fee was increased from $150.00 to $250.00 effective March 7, 2005. 28 U.S.C. §1914(a) (2005).

439.  *Id.*  That application indicates that the prison cashier signed the certificate of inmate funds on February 17, 2006.  *Id.* at 5.  On that date, the applicable filing fee was $150.00.

Based on this new information, the Court concludes that there is reason to believe that plaintiff filed the *Complaint* and the *Application for Leave to Proceed in forma pauperis* prior to March 7, 2005, when the applicable filing fee was $150.00.  Accordingly, plaintiff's *Motion for Reconsideration*, Doc. No. 38, is **GRANTED**.  This Court's August 7, 2006, *Order*, Doc. No. 37, is **VACATED**.  The Court **ORDERS** that plaintiff be assessed a $150.00 filing fee in this action.

  **WHEREUPON**

1. *Plaintiff's Motion for Order to Depose Sgt. Ray Campbell*, Doc. No. 33, is **DENIED** without prejudice to renewal should defendants deny, in response to plaintiff's requests for admission, that they ordered Sergeant Campbell to confiscate plaintiff's legal materials in April 2003;

2. *Plaintiff's Motion for Reconsideration and/or for Relief after Judgment*, Doc. No. 38, is **GRANTED.**  This Court's August 7, 2006, *Order*, Doc. No. 37, is **VACATED** and the Court **ORDERS** that plaintiff is assessed a filing fee in this action of $150.00;

3. *Plaintiff's Motion for Order to Depose Madison Correctional Staff*, Doc. No. 39, is **DENIED** and plaintiff's request for oral argument on this motion is also **DENIED**;

4. *Plaintiff's Motion for Order to Show Cause*, Doc. No. 42, is **DENIED** and

8

   plaintiff's request for oral argument on this motion is also **DENIED**;

5.  *Plaintiff's Motion for Order to Show Cause Supplement*, Doc. No. 43, is **GRANTED**;

6.  *Plaintiff's Motion to Supplement and for Leave to Do So*, Doc. No. 47, is **GRANTED**;

7.  *Defendants' Motion to Strike Plaintiff's Urgent Notice to the Court*, Doc. No. 70, is **GRANTED**; and

8.  *Plaintiff's Notice of Request to Hear Recording*, Doc. No. 71, is **GRANTED** on such terms as the institutional shall impose.


January 9, 2007                *s/Norah McCann King*
Date                      Norah McCann King
                       United States Magistrate Judge