IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMAN V. WHITESIDE,**

      **Plaintiff,**

   v.                                      Case No. 2:05-CV-280
                                                      Magistrate Judge Norah McCann King

**JONDREA PARRISH.,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff Norman V. Whiteside ("plaintiff"), an inmate of the State of Ohio Department of Rehabilitation and Correction, alleges retaliation, discrimination and denial of his right to access the courts. *Complaint* ¶ 1. With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on plaintiff's *Motion for Preliminary Injunction Based Upon Exhausted Matters* ("*Plaintiff's Third Motion for Preliminary Injunction*"). Doc. No. 97. For the reasons that follow, plaintiff's motion is **DENIED**.

**I.**     **PRELIMINARY INJUNCTION STANDARD**

Plaintiff's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). A preliminary injunction is an extraordinary remedy that should be granted only after consideration of the following four factors:

1

>(1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). These four considerations are factors to be balanced. *See Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

## II. DISCUSSION

In *Plaintiff's Third Motion for Preliminary Injunction*, plaintiff seeks an injunction that orders 1) vacation of plaintiff's Rules Infraction Board ("RIB") conviction, 2) plaintiff's release from his "unconstitutional placement in segregation unit," 3) plaintiff's access to his legal materials, 4) defendant Workman to cease and desist continuous retaliatory behavior against plaintiff, 5) a declaration that Rule 28 of the Institutional Rules of Conduct is unconstitutional, and 6) the return of legal documents illegally confiscated from plaintiff by prison officials. *Plaintiff's Third Motion for Preliminary Injunction* at 1.

### A. Vacation of RIB Conviction, Release from Segregation and Rule 28

Plaintiff asks this Court to vacate his RIB conviction so that he will be removed from segregation.[1] *Plaintiff's Third Motion for Preliminary Injunction* at 2. Further, plaintiff requests

---

[1] Apparently, the RIB conviction also resulted in plaintiff's transfer from the Madison Correctional Institution ("MaCI") to the Ross Correctional Institution. However, plaintiff specifically states that he is not requesting that he be returned to MaCI. *See Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction Based Upon Exhausted Matters* ("*Plaintiff's Reply*") at 2 ("plaintiff does not expect Your Honor to order his return to MaCI")

an order finding unconstitutional a prison regulation that plaintiff refers to as "Rule 28," under which he was convicted at the RIB hearing.  *Id.* at 3.  Plaintiff argues that he has been unlawfully injured based on the conviction in that "has been in the 'hole' (segregation) for five months because of <u>one</u> <u>piece</u> <u>of</u> <u>paper</u> sent to this Court" that was forged.  *Id.* at 2 (emphasis in original).  Plaintiff explains that he had no knowledge that the document had been forged; however, he complains that he was nevertheless convicted for violating Rule 28, which provides:

> Inmate rules of conduct.
> . . .
> (C) Rule violations: . . .
>
> (28) Forging, possessing, or presenting forged or counterfeit documents.

Ohio Admin. Code 5120-9-06(c)(28).  Plaintiff argues that Rule 28 "is unconstitutional in that it does not indicate that an inmate possessing a forged document has to know the document is forged.  Ergo, denial of due process."  *Plaintiff's Third Motion for Preliminary Injunction* at 3.

In their response, defendants address only the issue of plaintiff's segregation, arguing that the issue is now moot because plaintiff has been released from segregation.  *Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction Based upon Exhausted Matters* ("*Defendants' Memorandum Contra*") at 3.  Plaintiff does not disagree.  *See also Plaintiff's Reply* at 4 ("Plaintiff concedes that the issue about his release from his 'unconstitutional placement in segregation unit' is now moot.").

The Court concludes that plaintiff is not entitled to the requested preliminary injunctive relief as it relates to plaintiff's RIB conviction under Rule 28 and consequent placement in segregation, because there is no longer an injury from which the Court can grant relief.  *See Leary*, 228 F.3d at 736 (without injunctive relief movant would otherwise suffer irreparable

injury). That is, plaintiff complains only of his placement in segregation as a result of the RIB conviction based on a finding that he possessed a forged document. Vacating that conviction, or declaring Rule 28 unconstitutional would have no effect on plaintiff's placement in segregation and could not prevent irreparable injury to plaintiff. Consequently, balancing the factors required for interim injunctive relief, the Court concludes that the balance militates against the requested interim relief.

Accordingly, plaintiff's motion, as it relates to his RIB conviction, placement in segregation and the constitutionality of Rule 28, is **DENIED**.

**B.**     **Retaliation and Access to Courts**

Plaintiff also requests an order requiring defendants to return certain confiscated legal documents and to cease the illegal taking of his legal documents. *Plaintiff's Third Motion for Preliminary Injunction* at 3-5. Plaintiff argues that defendants' actions have effectively prevented him from exercising his constitutional right of access to the courts. *See id. See also* U.S. CONST. amend. I (protection of the right to "petition the Government for a redress of grievances."). As this Court explained in its *Opinion and Order*, Doc. No. 93, related to plaintiff's second motion for interim injunctive relief, although prisoners enjoy a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that right is not without limit, *Lewis* v. Casey, 518 U.S. 343, 349 (1996). The United States Court of Appeals for the Sixth Circuit has explained that the constitutional right "is not a generalized right to litigate but a carefully-bounded right":

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in

>
> order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.
> . . .
> Thus, a prisoner's right to access the courts extends to direct appeals, *habeas corpus* applications, and civil rights claims only.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 355).

Plaintiff alleges that confiscation of his documents by defendants has impeded his ability to pursue three different pieces of litigation.  He refers, first, to a "conditions of confinement" action against the Bayer Corporation, *Plaintiff's Third Motion for Preliminary Injunction* at 4, and, second, a state *habeas corpus* action which he claims he has been prevented from filing, *Id.,* and, third, to the instant 42 U.S.C. § 1983 action, *Id.* at 5.

Defendants respond only to plaintiff's reference to the first action, characterizing that lawsuit as a products liability action that does not trigger constitutional concerns.  *Defendants' Memorandum Contra* at 4.  This Court agrees.  Any alleged impediment that plaintiff may experience in pursuing his products liability case against the Bayer Corporation is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *See Thaddeus-X*, 175 F.3d at 391.  *See also Rodgers v. Hawley*, 14 Fed. Appx. 403, 409 (6th Cir. 2001) ("Under *Lewis* and *Thaddeus-X*, any alleged prejudice regarding these two [tort] cases will not support a claim that [the plaintiff] was denied his constitutional right of access to the courts.").

Defendants have not addressed plaintiff's complaints as they relate to a state habeas corpus action and this lawsuit.  However, plaintiff's general conclusory allegations in regard to these other pieces of litigation are insufficient to permit this court to make any reasoned determination as to plaintiff's request for interim injunctive relief.  Thus, the Court will therefore

**DENY** plaintiff's request for interim injunctive relief related to these lawsuits, but without prejudice to renewal with specific details of the prejudice that plaintiff claims. If he chooses to renew his request for interim injunctive relief in this regard, plaintiff must specify how defendants' confiscation of his documents has impeded his ability to pursue a state *habeas corpus* action or this action. If plaintiff does renew his request for interim injunctive relief, defendants would be well advised to make substantive response to the motion.

     **WHEREUPON**, in light of the foregoing, *Plaintiff's Third Motion for Preliminary Injunction*, Doc. No. 97, is **DENIED.**


July 26, 2007                                        *s/Norah McCann King*
Date                                              Norah McCann King
                                                         United States Magistrate Judge