IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMAN V. WHITESIDE,**

    **Plaintiff,**

  **vs.**

                             Case No. 2:05-CV-280
                             Magistrate Judge King

**JONDREA PARRISH,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Ohio Department of Rehabilitation and Correction, brought this action under 42 U.S.C. §1983, alleging that he had been retaliated against and denied his right of access to the courts while incarcerated at the Madison Correctional Institution ["MaCI"].  On March 31, 2008, this Court granted defendants' second motion for summary judgment, *Opinion and Order*, Doc. No. 131, and final judgment was entered on that same date.  *Judgment*, Doc. No. 132.  This matter is now before the Court on plaintiff's motion for reconsideration, Doc. No. 134.

Plaintiff complained that his cell was searched and that his legal materials were confiscated and ordered removed from the institution.  Plaintiff contends that these actions were taken in retaliation against him for his protected activity.  In granting defendants' second motion for summary judgment, the Court held that the institution's restrictions on plaintiff's excess legal materials would have been enforced regardless of any protected activity on plaintiff's part.  *Opinion and Order*, at 8-9, Doc. No. 131.

[T]he record is clear that lawful restrictions on

>   inmate property were generally enforced at MaCI during the relevant time period and that those restrictions were applicable to plaintiff regardless of his activities. Under these circumstances, it cannot be said that, but for plaintiff's protected activities, his legal papers would not have been confiscated and his litigation activities would not have been disrupted.

*Id.,* at 9.

The Court's *Opinion and Order* referred only to Ohio Admin. Code §5120-9-33, which requires that personal property stored in an inmate's cell fit in a 2.4 cubic foot container. In his motion for reconsideration, plaintiff argues that it is a different policy, that reflected in ODRC Policy 59-LEG-01, that controls. That policy, attached as Exhibit 2 to the *Affidavit of Melody Haskins*, Exhibit A to *Defendants' Second Motion for Summary Judgment*, Doc. No. 116, does not require a different result.

Under the policy relied upon by plaintiff, an inmate's personal materials "shall be maintained within the inmate's overall 2.4 cubic feet property limitation as provided in Administrative Rule 5120-9-33 and applicable institutional policies." ODRC Policy 59-LEG-01(IV)(E)(2). Under certain circumstances, an inmate "may request that he/she be permitted to store ... excess legal material in a secure location designated by the Warden for such purpose." ODRC Policy 59-LEG-01(IV)(E)(5). As even plaintiff acknowledges, the excess legal materials as issue in this case were maintained, not "in a secure location designated by the Warden," but in plaintiff's cell instead. Moreover, the policy provides that "[a]ll excess material, ... must be either mailed out of the institution at the inmate's expense or otherwise disposed of by the inmate." ODRC Policy 59-LEG-01(IV)(E)(5)(c).

2

Plaintiff does not allege, and indeed the evidence does not suggest, that MaCI prison officials failed to follow this procedure.

Under these circumstances, the Court is not persuaded that final judgment was entered in error.  Accordingly, plaintiff's motion to reconsider, Doc. No. 134, is **DENIED.**


<u>June 30, 2008</u>                                        <u>    *s/Norah McCann King*    </u>
                                         Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge

3